**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**SHANE SMITH**                                                              **PETITIONER**
Reg #36892-177

**VS.**                      **CASE NO.: 2:14CV00029 KGB/BD**

**ANTHONY HAYNES, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                          **RESPONDENT**

### RECOMMENDED DISPOSITION

**I.**   **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") will be sent to United States District Judge Kristine G. Baker. Mr. Smith - or any party - may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.    Background:**

A federal jury convicted Petitioner Shane Smith of possession with intent to distribute cocaine (Count One), possession with intent to distribute heroin (Count Two), maintaining drug-involved premises (Count Three), and possession of a firearm in furtherance of a drug-trafficking crime (Count Four). *United States v. Carter et al.*, 4:07-CR-187-A, 2008 WL 3173072 (N.D. Tex. July 30, 2008). Mr. Smith filed a motion for a new trial with the trial court, which the court denied. *Id*. at *6. Mr. Smith was sentenced to 189 months each on Counts One, Two, and Three to run concurrently, and a term of 60 months on Count Four, to run consecutively to the sentences imposed on Counts One, Two, and Three. (#7-1); *United States v. Smith*, 344 F. App'x 948, 949 (5th Cir. 2009).

After Mr. Smith was sentenced, the guideline sentencing range was lowered and the change was made retroactive by the United States Sentencing Commission. Accordingly, on February 17, 2012, Mr. Smith's sentence was reduced to 153 months each on Counts One, Two, and Three, to run concurrently. The court again sentenced Mr. Smith to 60 months' imprisonment on Count Four to run consecutively to the concurrent sentences imposed on the other counts. (#7-2)

Mr. Smith did not raise a timely motion under 28 U.S.C. § 2255 with the trial court. Instead, he filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. In his petition, Mr. Smith asks the court to vacate his sentence and set aside his conviction because he is "actually innocent" of the use of a firearm under 18 U.S.C. § 924(c)(1). (Docket entry #1 at p. 8) For the reasons that follow, the Court recommends DISMISSAL of the petition without prejudice.

**III.    Jurisdiction:**

Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct their sentence under 28 U.S.C. § 2255. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010)(citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147, 125 S.Ct. 2984 (2005)). A claim that a sentence exceeded the maximum allowed under law is properly brought under § 2255. 28 U.S.C. § 2255(a).

A habeas corpus petition under 28 U.S.C. § 2241, on the other hand, attacks the execution of a sentence, or the manner in which the sentence is being carried out, and that claim lies within the subject-matter jurisdiction of the court presiding in the judicial district where the prisoner is being held. *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002).

A court cannot entertain a petition for habeas corpus under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which

sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective</u> to test the legality of his detention." 28 U.S.C. § 2255(e)(emphasis added).  The last clause is a provision generally referred to as § 2255's "savings clause." *Abdullah*, 392 F.3d at 959.  Mr. Dodds argues that the savings clause applies in this case.

A petitioner who wishes to take advantage of the savings clause must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959).  But this exception is a "narrowly circumscribed safety valve." *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), cert. denied, 537 U.S. 869, 123 S.Ct. 275 (2002).  The fact that an individual is barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit a petitioner to file under § 2241. *Lopez-Lopez*, 590 F.3d at 907.  Further, the § 2255 remedy is not deemed inadequate or ineffective because the claim was previously raised in a § 2255 motion but rejected because the petitioner was denied leave to file a second or successive § 2255 petition, or because a § 2255 petition was time-barred. *Id.*

Here, Mr. Smith did not file a motion with the trial court under 28 U.S.C. § 2255, and the time for doing so has passed.  Mr. Smith argues, however, that the savings clause

applies here because he is actually innocent of the crime for which he was convicted.[1] (#1 at pp. 3-7) The Eighth Circuit has neither affirmed nor rejected actual innocence as a means of bypassing the gate-keeping requirements of § 2255. See *United States v. Lurie*, 207 F.3d 1075, FN4 (8th Cir. 2000) (declining to address whether a claim of actual innocence allows a petition to bypass the gate-keeping requirements of §2255 and proceed with a §2241 claim). In *Abdullah v. Hedrick*, 392 F.3d 957, 960–64 (8th Cir. 2004) cert. denied, 545 U.S. 1147 (2005), the Court canvassed other circuits' case law on actual innocence as a gateway to use §2255's savings clause, but ultimately concluded that the prisoner in that case had an "unobstructed procedural opportunity" to obtain review of his claim in his first § 2255 motion and affirmed the dismissal of his § 2241 petition. *Id*.

Similarly, here Mr. Smith had an unobstructed procedural opportunity to raise his actual innocence claim with the trial court in a § 2255 motion. He did not, however, bring such a motion. Accordingly, he has not demonstrated that the § 2255 remedy was inadequate or ineffective so as to qualify for the statute's savings clause.

---

[1] Mr. Smith bases his actual innocence claim on the United States Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501 (1995). In *Bailey*, the Court held that § 924(c)(1) did not include "mere possession" of a weapon. *Id*., at 144. Congress legislated a different result, however, in a 1998 revision to the statute known as the "Bailey Fix Act." The revision brought possession within the statute's ambit. See *United States v. O'Brien*, 560 U.S. 218, 232-33, 130 S.Ct. 2169, 2179 (2010); *Abbott v. United States*, 131 S. Ct. 18, 25 (2010). Mr. Smith's charges arose under the post-1998 version of the statute.

### III. Conclusion

Because the court lacks subject matter jurisdiction over Mr. Smith's 28 U.S.C. § 2241 petition for writ of habeas corpus, this Court recommends that Mr. Smith's petition (#1) be DISMISSED, without prejudice.

DATED this 28th day of July, 2014.

_____
UNITED STATES MAGISTRATE JUDGE